MR. JUSTICE SHEEHY,
dissenting:
If the reader, having read the foregoing opinion, understands its reasoning, he or she may step to the head of the class. After giving judicial blessing to the balancing of interests tests of Oronoco and Rutgers, the opinion declines to apply them and then partly applies them; it chides the landowners for not seeking injunctive relief, and *427 then tells them no injunctive relief was possible; it refuses to grant immunity from zoning regulations to cities, but grants it; and it sweeps away as “antiquated,” without any necessity, the distinction between proprietary and governmental functions of municipalities. It tells the cities they are subject to their own zoning regulations, and then tells them they are not. The landowners here are even deprived of a right to question any abuse of discretion by the city, a right of landowners surely should have under an action for a writ of review.
It is a farce to uphold a statute that guarantees a public hearing on an issue, but which statute also provides that the hearing is purposeless, of no account, a mere exercise in hearings. Who needs the exercise?
Moreover, the statement of facts by the majority is not clear. The first notice to landowners that the city disregarded its own zoning regulations was when the city commenced building the water tank in April, 1985. It was not until June, 1985, that the city provided the public hearing required by Section 76-2-402, MCA. A hearing after the fact is even more of a farce.
I dissent. I would reverse the summary judgment.